O’Connell, Judge,
delivered the opinion of the court:
This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of claims 8, 9, and 11, which are the only remaining claims in appellant’s application No. 143,931 for a patent on a hot water heater cabinet.
Claims 8 and 11, which are representative of the appealed claims, read as follows:
8. A cabinet for a hot water heater, comprising front and side walls and a back wall, said back wall comprising a pair of parallel spaced apart panels in the same plane, and a middle, inwardly inset panel positioned between the two side panels, said three panels cooperating to define an inset recess, extending for substantially the full height of the cabinet, for accommodating vertically extending pipes adapted to be connected to the top of a heater adapted to be housed in said cabinet, the depth of said recess being sufficient to accommodate said pipes so as to permit the two parallel back panels to rest flush against a wall, the upper part of said middle panel being formed to accommodate horizontally extending pipes adapted to be connected to a heater adapted to be housed in said cabinet, and a detachable cover cooperating with the upper edges of the side walls of the cabinet.
11. A cabinet and tank assembly comprising a cabinet, a tank in said cabinet, tank pipes leading from said tank to positions within the cabinet subjacent the top thereof, means at the ends of said pipes for forming a part of connections with said service pipes at said positions, said cabinet comprising front and side walls and a back wall, said back wall comprising a pair of parallel spaced apart panels in the same plane, and a middle, inwardly inset panel positioned between the *732 two side panels, said three panels cooperating to define an inset recess, extending-for substantially the full height of the cabinet, for accommodating vertically extending service pipes adapted to be connected with said tank pipes, the depth of said recess being sufficient to accommodate said pipes so as to permit the two' parallel back panels to rest flush against a wall, the upper part of said middle panel being formed to accommodate horizontally extending portions of the service pipes adapted to be connected to said tank pipes, and a cover eooperating-with the upper edges of the side walls of the cabinet, said cover being provided with guide means slidably engaging the upper edges of the side walls of the-cabinet.
The references relied on are:
Quinn,_ 1, 202,222,_Oct. 24, 1916.
Kraemer,_ 1, 582, 881,_Apr. 27, 1926.
Midnight,_,_ 1,946, 029,_Feb. 6, 1934-
Hazeltine, _ 2,043, 540,_June 9, 1936-
Groeniger,_ 2, 240, 904,_May 6, 1941.
Craig,_ 2, 243, 249,_May 27, 1941.
Appellant’s application discloses a water heater enclosed in a cabinet which includes flat front and side walls and a rear wall comprising' two spaced panels and an intermediate panel which is set inwardly to provide a recess opening toward the rear so that the cabinet may be placed flush against a wall with the service pipes, which supply water to and remove it from the heater, being received in the recess. As shown, the ends of those pipes project horizontally into the cabinet above the heater and are connected there with the heater pipes. The cabinet is provided with a slidable cover which may be removed when the heater pipes are to be coupled to or uncoupled from the outer pipes.
The Board of Appeals found the patents to Kraemer, Midnight and Groeniger to be merely cumulative and placed no reliance upon them. Accordingly those patents need not be considered here.
The patent to Craig, which is the basic reference relied on by the examiner and the board, shows a water heater enclosed in a cabinet having flat front, rear and side walls, and a removable cover. The heater pipes extend horizontally above the top of the heater and through the rear wall, where they are adapted to be connected to the outside pipes. The cover of the cabinet is provided with a marginal flange arranged to overlie the upper portions of the outer sides of the vertical walls.
The patents to Quinn and Hazeltine disclose, respectively, a sink and a shower cabinet provided with recessed rear walls, so that they may be placed flush against a vertical wall, with the supply pipes being received in the recesses.
*733 It was the position of the examiner and the board that it would not require invention, in view of Quinn or Hazeltine, to provide a pipe-receiving recess in the rear wall of the Craig cabinet. We are in agreement with that position. The problem of providing space for receiving supply pipes is the same regardless of the specific use of the device with which they are associated. The Quinn and Hazeltine patents clearly recognize the desirability of providing a pipe-receiving recess to permit the wall of such a device to be placed flush against a wall of a building, and it would be obvious to a skilled worker that the Craig cabinet could be provided with a recess in its rear wall for that purpose. hTo new or unexpected result would be produced by such an arrangement.
The provision of a vertical recess of the kind just described in the rear wall of the Craig heater would produce a structure satisfying all the requirements of appealed claim 8, and it follows that that claim was properly rejected.
Claim 9 adds to the combination of claim 8 the statement that the cover of the cabinet is provided with guide flanges slidably engaging with the upper edges of the side walls of the cabinet. As above noted, Craig provides such a structure in the form of a marginal flange on his cover and accordingly claim 9 also fails to distinguish over the Craig structure when modified as above suggested.
Claim 11 differs from claims 8 and 9 in that it is drawn to the combination of a tank and cabinet and, in addition to the cabinet structure of the former two claims, it recits that the tank pipes terminate at positions within the cabinet and are connected with the service pipes at such positions. The drawing of the Craig patent shows the tank (heater) pipes extending to positions outside the cabinet, where they are connected to the service pipes, but the specification states that “the arrangement of the connections may be otherwise than as above described, the latter being merely one of the designs applicable to the use of the invention.” Moreover, as noted in the examiner’s statement, Craig states that one object of his invention is to provide a unit in which all connections “will be completely concealed within the cabinet,” which indicates the possibility of connecting the tank and service pipes at points inside the cabinet. We are of the opinion that the provision of such connections in the Craig device would be nothing more than an obvious expedient and that claim 11, as well as claims 8 and 9, was. properly rejected on the references relied on by the board.
The decision of the Board of Appeals is affirmed.
Jackson, J., Retired, recalled to participate.